ALOFOE SULUVALE, Petitioner

v.

PULOTU SULUVALE, Respondent

High Court of American Samoa
Trial Division

DR No. 53-88

February 14, 1989

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and OLO, Associate Judge.

Counsel: For Petitioner, Togiola T.A. Tulafono
For Respondent, Charles Ala`ilima

Petitioner seeks a divorce from respondent on the grounds of habitual cruelty and ill usage. The parties have been separated for some 17 months after petitioner left respondent. Petitioner's reasons for leaving stemmed from his wife's rather

---

foolish attempts to hide from him her being prosecuted for embezzlement. After the embarrassment and total surprise of learning about the prosecution from a co-worker (whose husband had supplied bail money to respondent), petitioner confronted respondent on the matter. The latter denied that anything had happened and in fact berated petitioner for listening to gossip from others.

Petitioner said he was again surprised with public humiliation on the matter of prosecution at a time when he and his wife were about to depart on a tour off-island with their church choir. He again learned at the airport from others that immigration authorities would not clear his wife for departure from the jurisdiction because of a pending criminal matter. According to petitioner, he was not only embarrassed, being the conductor of the choir, but again extremely upset with respondent's continuing attempts to suppress the truth and hide matters from him. Petitioner also learned that respondent eventually managed to get permission to leave, with the assistance of some relative who intervened on her behalf, all without any word to him.

It was shortly thereafter that petitioner decided to leave the marital home. He felt he could not further trust respondent and while greatly embarrassed with the whole affair, his wife persisted with her stance towards him. He testified that it has bothered him greatly to find out that the woman he believed he had married turned out to be a different person; that his work performance had been affected; and basically he viewed the continuance of marriage as hopeless.

Respondent's reaction on the other hand was remarkable. She feels that the parties can still work things out, yet she continues to fault her husband for making a big issue over nothing by taking the word of third parties over hers. This is notwithstanding the fact that she did indeed face prosecution, although she settled the matter with the government. Respondent's notion of trust simply belies us. She inexplicably elects to continue the charade with petitioner and obviously is blind to the possibility that perhaps petitioner's attitude towards the marriage might change if she faced up to him with the truth.

In our opinion, the ground for "*ill usage*" as the same is discussed in <u>Lea`e v. Lea`e,</u> 3 A.S.R. 2d 51 (1986), has been established on the evidence. It is one thing to lie but quite another thing to senselessly perpetuate that lie to the other party's obvious and continuing despondency.

We have gone at length to discuss the facts giving rise to our conclusion and having done so, we specifically reject submission by petitioner's counsel to the effect that "habitual cruelty and ill usage" are grounds tantamount to the "no fault" notions of "irreconcilable differences" or "incompatibility" which allow divorce in other jurisdictions. We are a jurisdiction that still requires divorce to be based on "fault"[1] and fault we have found herein.

The facts also show that there is one minor child of the marriage whom petitioner has largely disregarded, in terms of support, after the parties separated. Petitioner does not seek custody of the child who has remained with respondent. The latter seeks support for the minor in the sum of $200 per month. Petitioner, however, asks the Court to consider a figure between $40 to $50 a month because of the debts which he currently carries.

Petitioner earns an annual salary of $17,700. We find that much of the indebtedness which he claims, arises from the fact that since separation, petitioner has discarded the modest marital vehicle and has treated himself to a vehicle requiring $12,000 in financing. While petitioner gets to ride to work in his brand new vehicle, his daughter is no longer driven to school as she was once accustomed. It is quite apparent to us that when petitioner decided that the marriage was over, he also appears to have treated himself as relieved of his parental obligations, not only by being inattentive to the support needs of his child, but by readjusting his budget which seems to figure no-one else but himself. That budget needs readjustment again to comport with petitioner's legal obligations to the minor child.

On the evidence before us, the Court awards custody to respondent with reasonable visitation

---

[1] See discussion in <u>West v. West,</u> 5 A.S.R. 2d 88 (1987).

rights to the petitioner. The Court further concludes on the minor's behalf that a reasonable sum of support is $300 per month, the payment of which will be suspended for the first three (3) months to permit petitioner to reorder his affairs. In the interim initial quarter, support in the sum of $200 per month shall be payable. Such support shall be payable through the office of the Clerk and disbursed accordingly to the respondent for the minor's use.

Accordingly, a decree will enter granting petitioner a divorce from respondent. Custody of the parties' minor child is awarded to respondent with reasonable visitation rights to petitioner. Child support is awarded as follows: the sum of $200 per month shall be payable by petitioner for the first three (3) months ensuing this order; and thereafter $300 per month.

It is so Ordered.